

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Opinion No. 0-1680

Re: Is the contract for the lease of three pieces of road machinery for the total of $4,450.00 payable in monthly installments with an option to purchase when the installments are paid at the aggregate price of the installments plus interest at six per cent from the date of payment, in violation of the statute requiring competitive bids and therefore void?

This will acknowledge receipt of your letter of March 12, 1940, requesting an opinion of this department on the above stated question, from which letter we quote.

"* * *

"I have before me a contract proposed to be entered into by Stephens County, Texas, under the terms of which said county is to lease a tractor, scrapper and roadbuilder for $4,450.00, payable in thirty-four monthly installments, which contract provides that the county shall have an option to purchase said machinery upon the expiration of the lease for the amount which they have paid as rentals plus six per cent for deferred payments, although the county is not obligated to exercise the option.

"In other words, this option contract does obligate the county to pay in monthly installments the sum of $4,450.00 regardless of whether the option is exercised and gives the county the right to take the machinery at the end of the contract period. Under the contract the county obligates itself to pay the entire purchase price of the machinery, but it is not called a purchase but a lease contract.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The County Commissioner who is getting
the machinery mentioned in the contract advises
me that the salesman representing the machinery
company informed him that this was a method of
dealing without complying with the law requiring
such contract to be advertised and submitted to
competitive bids.

"* * *"

Article 1659, Vernon's Annotated Civil Statutes,
reads as follows:

"Supplies of every kind, road and bridge
material, or any other material, for the use of
said county, or any of its officers, departments,
or institutions must be purchased on competitive
bids, the contract to be awarded to the party
who, in the judgment of the commissioners court,
has submitted the lowest and best bid. The
county auditor shall advertise for a period of
two weeks in at least one daily newspaper, published
and circulated in the county, for such supplies
and material according to specifications, giving
in detail what is needed. Such advertisements
shall state where the specifications are to be
found, and shall give the time and place for re-
ceiving such bids. All such competitive bids
shall be kept on file by the county auditor as
a part of the records of his office, and shall
be subject to inspection by any one desiring to
see them. Copies of all bids received shall be
furnished by the county auditor to the county
judge and to the commissioners court; and when
the bids received are not satisfactory to the
said judge or county commissioners, the auditor
shall reject said bids and re-advertise for new
bids. In cases of emergency, purchases not in ex-
cess of one hundred and fifty dollars may be made
upon requisition to be approved by the commission-
ers court, without advertising for competitive bids."

Under constitutional sanction, the Legislature has
delegated to the counties of this state, acting through the
commissioners' court, the power to lay out, construct, re-
pair and maintain public roads. Article 5, Section 52, Arti-
cle 11, Section 2, of the Constitution, Article 2351 and 1659,
Vernon's Annotated Civil Statutes. However, as said in 11
Tex. Juris. at p.632:

"The authority of the commissioners' court
as the governing body of the county to make

contracts in its behalf is strictly limited
to that conferred either expressly or by
fair or necessary implication by the Consti-
tution and the laws of the state." Childress
County v. State, 92 S. W. 1011; Roper v. Hall,
280 S. W. 289 and Lassiter v. Lopez, 217 S. W.
373.

We are unable to find any authority empowering
commissioners' court to lease or rent road machinery and
equipment with the option to purchase.

In our Opinion No. 0-1685 it was stated that:

"The bid requirement of Article 1659,
supra, is applicable to any purchase of road
machinery or equipment by a county commission-
ers' court and cannot be avoided in any manner."

In our Opinion No. 0-1317 it was held that:

"We, therefore, respectfully advise that it is
the opinion of this department that your first
question should be answered in the negative; namely,
that the commissioners' court cannot lease or rent,
with the option to purchase, road machinery, pick-
ups or trucks, warehouses for the storage of equip-
ment. The question of advertising for bids, in
such case, thereupon becomes immaterial."

We are enclosing herewith copies of the two above
mentioned opinions and Opinion No. 0-1839, for your informa-
tion and convenience.

The so-called lease is no more than a sale of the
machinery to the county. Therefore, under the facts stated,
the court is attempting to do indirectly what it is prohibited
from doing directly; that is, to make a purchase without ad-
vertising for bids as required by law.

In view of the foregoing, you are respectfully ad-
vised that it is the opinion of this Department that the above
mentioned contract is void.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:jm

ENCLOSURE

APPROVED APR 1, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN